UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN MICHAEL OMAR ALLY,

                         Plaintiff,

-against-

COMMONWEALTH OF PENNSYLVANIA; NFL; UNITED STATES OF AMERICA; McDONALD'S; TEMPLE UNIVERSITY; CHIPOTLE; PATRIOT NEWS; TOM WOLF,

                         Defendant.

22-CV-1906 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the Central New York Psychiatric Center, invokes the Court's federal question jurisdiction, alleging that Defendants violated his rights in Pennsylvania. By order dated March 10, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the following reasons, this action is transferred to the United States District Court for the Middle District of Pennsylvania.

## BACKGROUND

      Plaintiff brings this complaint regarding a wide range of events, including his alleged mistreatment by law enforcement, prosecutors, and courts in Pennsylvania, as well as his alleged mistreatment by Temple University after reporting that he was raped by another student. Plaintiff also appears to allege that a former employer discriminated against him, and suggests that he has an unspecified claim against another business.

      The following allegations are taken from the complaint. Plaintiff alleges that he has been "[d]enied justice by Pennsylvania justice system and further harmed by hate crimes, loss of [d]rivers licen[s]e, wrongfully evicted, raped and assaulted, robbed and no government remedy just more injuries." (ECF 2, at 4.) Plaintiff states,

> In order to maintain local and state control while making their own rules of the state and corporation and providing biased District Attorney's, Judges, and White Supremacist public defenders and mid-Pennlegal services collecting info and pretend to be on my side then plot against me with Machiavellian schemes to maintain white power.

(*Id.*)

Plaintiff attaches to the complaint several additional documents,[1] from which the Court discerns the following additional factual allegations. On February 26, 2014, Plaintiff was raped by a female freshman at Temple University, and, in ensuing litigation, Temple University "lied to Federal Judge Beetlestone." (*Id.* at 7.) Following Plaintiff's allegations of being raped,

> [t]he police and lawyers made immoral and unethical statements and choose to protect the white person and made more injuries against me by wrongfully firing me, wrongful expulsion w/ kangaroo court (unfair trial), unfounded charges, falsifying records and concealing motives from wrongful eviction w/o trial and not allowing me public housing and shelter and not allowing me to use public transportation by stalking me and making a red light stay red for 30 minutes and giving me a DUI when I came into Newport state police to report and write a statement.

(*Id.* at 9.)

Plaintiff was expelled for reporting the rape and for requesting related "accommodations." (*Id.* at 8.) He suggests that "false charges" were brought against him when he "reported grade grievances." (*Id.*) Plaintiff complains of "[i]mproper use of District Attorney, courts and justice to further injure someone who claim they were injured and sought remedy by the justice system to discredit to silence witness/victim." (*Id.*)

---

[1] The attached documents include: (1) a two-page document labeled "Rough Draft to Federal Court"; (2) a two-page document labeled "U.S. Supreme Court"; (3) twelve pages of "Legal Brainstorming"; (4) one page labeled "[Patriot News]"; and (5) eight pages labeled "Private Notes."

Plaintiff also alleges that, on September 11, 2016, he lost his job at Chipotle for "not fitting the culture." (*Id.* at 20.)

Plaintiff further alleges that, following a "domestic issue" with a woman he was dating, he was "wrongfully arrested" and suspended from Harrisburg Area Community College. (*Id.* at 30.) Plaintiff accepted a guilty plea "out of fear," which he suggests made him "available for sex trafficking." (*Id.*) He alleges that a professor "was taking [him] across state lines, drugging [him] and raping [him] in her house, inappropriately touching [him] and sold [him] to another woman." (*Id.*)

Plaintiff names McDonald's as a defendant in the caption of the complaint, but he does not allege any facts regarding McDonald's or how it violated his rights.

Plaintiff has filed numerous cases in the Pennsylvania federal district courts, including cases arising from the same or similar incidents. *See, e.g.*, *Ally v. Chipotle Mexican Grill*, No. 1:18-CV-2342 (CCC) (M.D. Pa. Dec. 30, 2020) (adopting Report & Recommendation ("R&R") dismissing Plaintiff's claims against Chipotle for sex discrimination, sexual harassment, racial discrimination, and retaliation for failure to state a claim); *Ally v. Commonwealth of PA*, No. 1:19-CV-1272 (YK) (M.D. Pa. May 8, 2020) (adopting R&R dismissing claims that defendants, the Commonwealth and West Shore regional Police Officers, violated Plaintiff's rights when they cited him for not having a headlight on his bicycle for failure to prosecute); *Id.* Dkt. 32 (denying Plaintiff's "petition to suspend the writ of habeas corpus" in which Plaintiff appeared to request an investigation into various private individuals); *Ally v. PHRC*, No. 1:19-CV-1268 (JEJ) (M.D. Pa. Aug. 19, 2019) (adopting R&R recommending dismissal of claims against Pennsylvania Human Relations Commission alleging discrimination and obstruction of justice arising out of academic probation imposed on Plaintiff and requiring that he undergo mental health counseling

as barred by the Eleventh Amendment and as time-barred); *Ally v. Temple Univ.*, No. 2:19-CV-0561 (WB) (E.D. Pa. Sept. 26, 2019) (dismissing Plaintiff's claims under the constitution and Title IX, and claims of defamation, fraud, and obstruction of justice against Temple University and several of its employees as time-barred and for failure to state a claim), *motion to reopen denied* (June 24, 2020), *appeal dismissed as untimely*, No. 20-2567 (3d Cir. Oct. 22, 2020); *see also Ally v. Ally*, No. 1:19-CV-1282 (YK) (M.D. Pa. Sept. 5, 2019) (adopting R&R recommending dismissal of Plaintiff's claims against his family members, Camp Hill Police Department, and others as frivolous and for failure to state a claim); *Ally v. Markosky*, No. 3:19-CV-0356 (JEJ) (M.D. Pa. Aug. 6, 2019) (adopting R&R dismissing Plaintiff's claims against a Pennsylvania state trooper because, among other reasons, the complaint "relies on fantastic and delusional scenarios which leave Defendant guessing as to which claim constitutes a cause of action").

## DISCUSSION

Because the complaint alleges that Defendants violated Plaintiff's federal constitutional rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. The Court construes Plaintiff's allegation that he lost his job at Chipotle as asserting claims against Chipotle under Title VII of the Civil Rights Act of 1964 (Title VII).

Under the venue provision for claims brought under Title VII, such claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

With respect to claims brought under Section 1983 or state law, a civil action may be brought

> in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff states that his claims arose in "Elementary, Middle & High School, Harrisburg Area C[ommunity] C[ollege], Temple University, Shippensburg, Newport police baracks, Cumberland County, PA Supreme Court." (ECF 2, at 4.) Based on public records, the Court understands that Harrisburg Area Community College is located in Harrisburg, Dauphin County, Pennsylvania; Temple University is located in Philadelphia, Pennsylvania; Shippensburg is a town located in Franklin and Cumberland Counties, Pennsylvania; Newport Police Barracks is located in Newport, Perry County, Pennsylvania; and Cumberland County is a county in Pennsylvania. The allegations in Plaintiff's complaint confirm that the events giving rise to his claims occurred in these Pennsylvania counties. Plaintiff alleges no facts suggesting that any of the events giving rise to his claims occurred in this District.

Plaintiff does not provide addresses for any of the Defendants, although the Court understands the Commonwealth of Pennsylvania, Temple University, Patriot News, and Tom Wolf likely to be residents of Pennsylvania for venue purposes. Plaintiff further appears to

suggest, and his prior action in the Middle District of Pennsylvania confirms, that his employment at Chipotle took place in Pennsylvania. Because Plaintiff does not allege that any defendant resides in this district, that a substantial part of the events of omissions giving rise to his claims arose in this district, or that he was employed in this district, venue is not proper in this court under Section 1391(b) or Title VII's venue provision.

Plaintiff's claims arose in Dauphin, Cumberland, Franklin, Perry, and Philadelphia Counties in Pennsylvania. Dauphin, Cumberland, Franklin, and Perry Counties are located within the Middle District of Pennsylvania. *See* 28 U.S.C.§ 118(b). Venue for Plaintiff's claims arising in Dauphin, Cumberland, Franklin, and Perry Counties lies in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(2) and Title VII's venue provision. Philadelphia County is located in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Venue for Plaintiff's claims arising in Philadelphia County, which appear to be asserted primarily against Temple University, may be proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(1).[2] The Court therefore transfers this action to the United States District Court for the Middle District of Pennsylvania, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. A summons shall not issue from this Court. This order closes this case.

---

[2] The Middle District of Pennsylvania may consider whether another district may be a proper venue for Plaintiff's claims that arose in Philadelphia County.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 22, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge